```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
SHAWN E. LAWRENCE, SHAWN BOYD,
JEMMY STURGIS, JOHN WOOD, CHARLES
MCCLINTON, DAVID BELTON, MICHAEL
RICHARD, CORY COPELIN,

                  Plaintiffs,
                                            MEMORANDUM & ORDER
         -against-                          13-CV-4044(JS)(WDW)

SUFFOLK COUNTY, SUFFOLK COUNTY
DISTRICT ATTORNEY, LONG ISLAND
BAR ASSOCIATION, SUFFOLK COUNTY
LEGAL AID SOCIETY, AND SUFFOLK
COUNTY ATTORNEY GRIEVANCE
COMMITTEE,

                  Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Shawn E. Lawrence, pro se
                    183153
                    Suffolk County Correctional Facility
                    110 Center Drive
                    Riverhead, NY 11901

For Defendants:     No Appearances
```

SEYBERT, District Judge:

On July 1, 2013, the Court received a pro se Complaint naming the following eight individual Plaintiffs, all of whom are incarcerated at the Suffolk County Correctional Facility: Shawn E. Lawrence, Shawn Boyd, Jemmy Sturgis, John Wood, Charles McClinton, David Belton, Michael Richard, and Cory Copelin. The Complaint was filed pursuant to 42 U.S.C. § 1983 against the Defendants, Suffolk County, the Suffolk County District Attorney, the Long Island Bar Association, the Suffolk County Legal Aid Society, and the Suffolk County Attorney Grievance Committee (collectively, "Defendants").

However, the Complaint was signed only by Shawn E. Lawrence ("Lawrence" or "Plaintiff").

Because only Lawrence signed the Complaint, by letter, dated July 16, 2013, only Lawrence was notified that the Complaint was deficient because it was not accompanied by either the required filing fee or a motion to proceed in forma pauperis along with a Prisoner Authorization Form. Lawrence cured his deficiency by filing a motion to proceed in forma pauperis along with a Prisoner Authorization Form on July 22, 2013. Since Lawrence's financial status, as set forth in his declaration in support of his application to proceed in forma pauperis, qualifies him to file the complaint without prepayment of the filing fees, see 28 U.S.C. § 1915(a)(1), his application to proceed in forma pauperis is GRANTED.

Given, however, that the allegations in the Complaint are limited to Lawrence, the Court sua sponte dismisses the claims of the Plaintiffs in the caption other than Lawrence, without prejudice to each person filing his own signed complaint containing allegations pertaining to him individually. A pro se litigant may not represent any one other than him or herself. 28 U.S.C. § 1654; Boivin v. Town of Addison, 366 F. App'x 201, 202 (2d Cir. 2010). The Court ORDERS that the Clerk of Court delete the names of the Plaintiffs other than Lawrence from the caption of this case.

As explained below, Lawrence's Complaint is conclusory pursuant to FED R. CIV. P. 8 and is therefore sua sponte DISMISSED,

with leave to amend, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) (ii); 1915A(b)(1).

BACKGROUND

All allegations in Lawrence's Complaint are assumed to be true for the purposes of this Memorandum and Order. See, e.g. Malcolm v. Honeoye Falls Lima Cent. Sch. Dist., et al., 517 F. App'x 11, 12 (2d Cir. 2013) (in reviewing a pro se case for sua sponte dismissal, a court should assume that all allegations contained in the complaint are true) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

Plaintiff's Complaint is poorly articulated and strewn with misused legal terms. The Complaint generally states that the Defendants denied Plaintiff his right to due process by, inter alia, waiving felony exams, holding fraudulent grand jury proceedings, and issuing improper indictments, "leaving the accused unable to prepare 'any' type of defense," for the purpose of monetary gains. (Compl. at 5, 6, 8.[1]) The Complaint further asserts that bail for minorities is being set higher than bail for their "majority counterparts," and that attorneys "deny 6th Amendment right to effective counsel." (Id. at 6.) It also states that the Suffolk County Attorney Grievance Committee and the Suffolk County Bar Association failed to address unspecified

---

[1] As plaintiff has two sets of numbered paragraphs in his Complaint, all citations to the Complaint refer to page numbers.

grievances regarding unidentified attorneys, and that the District Attorney failed to investigate alleged law enforcement improprieties. (Id. at 7-8.)

Lawrence seeks to recover seven hundred million dollars ($700,000,000.00) for the following injuries:

> 15. Maliciously and sadistically for the very purpose of causing harm; intent to inflict needless injury. 16. Conduct motivated by evil and intent, it involves reckless callous indifference to the rights of others. 17. Outrageous abuse of power and authority. 18. Racial discrimination. 19. Gross negligence in supervising subordinates. 20. Injuries, pain and suffering accompanying an extended period of prosecution. 21. Psychological trauma, induced by the improper exercise of the police and prosecutorial apparatus.

(Id. at ¶¶ 15-21.)

DISCUSSION

I. Application to Proceed In Forma Pauperis

Upon review of Lawrence's declaration in support of his application to proceed in forma pauperis, the Court determines that Lawrence's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). As such, Lawrence's request to proceed in forma pauperis is GRANTED.

II. Application of 28 U.S.C. § 1915

A district court is required to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28

4

U.S.C. §§ 1915(e)(2)(B)(i-iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. Because courts are obliged to construe the pleadings of a pro se plaintiff liberally, see, e.g., Mancuso v. Hynes, 379 F. App'x 60, 61 (2d Cir. 2010), the Court interprets a pro se plaintiff's papers to "raise the strongest arguments that they suggest," Corcoran v. N.Y. Power Auth., 202 F.3d 530, 536 (2d Cir. 1999) (quoting McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999)).

At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Iqbal, 556 U.S. 662), aff'd 133 S. Ct. 1659 (2013)). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 679 (citations omitted). The plausibility standard requires "more than a sheer possibility that defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., Inc., 671 F.3d 120, 128 (2d Cir. 2011). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id.

5

(quoting Twombly, 550 U.S. at 555). Plaintiff's factual allegations must also be sufficient to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (internal quotation marks and citation omitted). Descriptions of applicable law and conclusory allegations are "not entitled to the assumption of truth." Iqbal, 556 U.S. at 679

A. Rule 8 of the Federal Rules of Civil Procedure

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8. Here, Lawrence's allegations are too conclusory to permit judicial consideration. He makes broad, conclusory accusations against the Defendants that are wholly devoid of any factual support. Much of his Complaint is simply a recitation of legal jargon; it includes no facts to support his general allegations, much less an explanation as to whether or how Defendants' alleged actions pertain to him. See Bigio v. Coca-Cola Co., 675 F.3d 163, 173 (2d Cir. 2012) (dismissing claims comprised of "threadbare recitals of the elements" and "conclusory statements") (internal citations and quotation marks omitted); Polur v. Raffe, 912 F.2d 52, 56 (2d Cir. 1990) (dismissing claims where plaintiff failed to "provide a factual basis for his claim"). Therefore the Complaint fails to state a cause of action upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A(b)(1).

B.  <u>Standing</u>

It is unclear whether Lawrence has standing to seek relief for the alleged wrongs committed by Defendants. Article III, Section 2 of the United States Constitution requires that a person have standing in order to invoke the jurisdiction of the federal courts. <u>Summers v. Earth Island Inst.</u>, 555 U.S. 488, 129 S. Ct. 1142, 173 L. Ed. 2d 1 (2009). A plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." <u>Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.</u>, 454 U.S. 464, 474, 102 S. Ct. 752, 70 L. Ed. 2d 700 (1982); <u>Amnesty Int'l USA v. Clapper</u>, 667 F.3d 163, 171 (2d Cir. 2011) ("The critical inquiry for standing is whether the plaintiffs are simply citizens with an abstract claim that some action was unlawful, or whether they, in some particular respect not shared by every person who dislikes the action, are injured by that action."). The doctrine of standing involves "both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise." <u>Kowalski v. Tesmer</u>, 543 U.S. 125, 128, 125 S. Ct. 564, 160 L. Ed. 2d 519 (2004). The standing requirement prevents the federal courts from deciding questions of public importance where other governmental institutions may be the appropriate venue to address those questions. <u>Warth v. Seldin</u>, 422 U.S. 490, 500 (1975).

In order for a plaintiff to establish standing, he must

allege that he suffered "an injury in fact," that the "injury is fairly traceable" to the defendant's action, and that "it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."  Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180-81, 120 S. Ct. 693, 145 L. Ed. 2d 610 (2000) (internal citations omitted).  At a minimum, this "requires the party who invokes the court's authority to 'show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant.'"  Cooper v. U.S. Postal Serv., 577 F.3d 479, 489 (2d Cir. 2009) (quoting Valley Forge, 454 U.S. 464, 472 (1982)).  The "injury in fact" must be "(a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical."  Friends of the Earth, 528 U.S. at 180.  In addition, "there must be a causal connection between the injury and the conduct complained of," and it must be "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992).

Here, Lawrence complains that Defendants are illegally denying due process rights.  However, Lawrence has not alleged that "he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant." Cooper, 577 F.3d at 489.  The Court cannot discern from the ambiguous language of the Complaint whether Lawrence is bringing

8

this action based on some personal injury he suffered, or whether he is only alleging a generalized grievance about the rights of all accused persons in Suffolk County and/or New York State. Lawrence is cautioned that without standing, the Court cannot address his Complaint.

## CONCLUSION

The Court <u>sua sponte</u> DISMISSES the claims of the Plaintiffs in the caption other than Lawrence, and directs the Clerk of Court to delete the names of the Plaintiffs other than Lawrence from the caption of this case.

Lawrence's request to proceed <u>in forma pauperis</u> is GRANTED. Lawrence's Complaint is <u>sua sponte</u> DISMISSED WITH PREJUDICE, for failure to state a claim, unless Lawrence files an amended complaint in accordance with this Order within thirty (30) days from the date of this Order. No summonses shall issue at this time.

The Clerk of Court is directed to mail a copy of this Order to the <u>pro se</u> Plaintiff.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in forma pauperis</u> status is DENIED for the purpose of any appeal. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

                                          SO ORDERED.

Dated: September   20  , 2013    /s/ JOANNA SEYBERT  
       Central Islip, New York    JOANNA SEYBERT, U.S.D.J.